1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAYLOR A. BEESON,                          No.  2:25-cv-0276-DAD-SCR

12                  Plaintiff,

13        v.                                    ORDER

14   FCI HERLONG, et al.,

15                  Defendants.

16

17

18        Plaintiff is a former federal inmate representing himself in this civil rights action filed

19   pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

20   (1971).  He has requested leave to proceed without paying the full filing fee for this action

21   pursuant to 28 U.S.C. § 1915.  Plaintiff's complaint is before the court for screening.

22        Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

23   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

24   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

26   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

27   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

28   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

1

1   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3   **I.**      **Screening Requirement**

4   The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16  In order to avoid dismissal for failure to state a claim a complaint must contain more than

17  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

18  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

19  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

21  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

22  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

23  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

24  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

25  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

26  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

27  U.S. 232, 236 (1974).

28  ////

## II.    Factual Allegations

Plaintiff names twenty-two separate defendants ranging from the federal prison and its staff where he was previously an inmate to federal judges who were assigned his prior § 1983 action.  The factual allegations in the complaint describe various conspiracy theories involving the actual perpetrators of the September 11, 2001 terrorist attacks, NATO and the formation of a "One World Alliance," special military operations in the U.S. and Mexico, building codes for toilets, and criminal complaints involving embezzlement by public officials.  As relief, plaintiff seeks monetary damages, "maximum sentences on defendants; F.C.I. Herlong emptied and red tagged; all assets liquidated and non-liquidated placed in the outpost 58 U.S. Marine Core [sic] Special Operations Unit Delta Forces['] custody and account; courts [sic] records to be edited no more…; all officers to wear live audio and video feed body cams; [and] all defendants['] licenses and bonds permanently voided and discontinued."  ECF No. 1 at 57-58.

## III.    Analysis

The federal rules contemplate brevity.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Fed. R. Civ. P. 8(a)(2).  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "'firm application of the Federal Rules of Civil Procedure' is fully warranted" in prisoner cases).  The court (and defendants) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or the joining a series of unrelated claims against many defendants, will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

Based on the violation of Rule 8(a)(2), the court cannot discern whether the allegations in the complaint allege the violation of a constitutional right by any named defendant.  As a result,

the court dismisses the complaint with leave to file an amended complaint within 30 days from the date of this order.  The amended complaint shall be **no longer than 25 pages in length** including exhibits and shall include a short and plain statement of any claim for relief as required by Rule 8(a)(2).  Plaintiff's failure to comply with the provisions of this order will result in a recommendation that this action be dismissed.

## IV.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In filing an amended complaint, plaintiff shall not improperly join unrelated claims or defendants into a single action.  A plaintiff may properly assert multiple claims against a single defendant in a civil action.  Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will

4

1    arise in the action." Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different

2    defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th

3    Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim,

4    multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—

5    for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any

6    prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  Id.

7    **V.      Plain Language Summary for Party Proceeding Without a Lawyer**

8         Since plaintiff is representing himself in this case, the court wants to make sure that the

9    words of this order are understood.  The following information is meant to explain this order in

10   plain English and is not intended as legal advice.

11        The court is dismissing your complaint with leave to amend because it does not comply

12   with Rules 8(a), 18, and 20 of the Federal Rules of Civil Procedure.  You have 30 days to file an

13   amended complaint limited to no more than 25 pages.

14        If you do not comply with the provisions of this order, the undersigned will recommend

15   that your case be dismissed.

16        In accordance with the above, IT IS HEREBY ORDERED that:

17        1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 9) is granted.

18        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

19   shall be collected and paid in accordance with this court's order to the Sheriff of Missoula

20   County filed concurrently herewith.

21        3.  Plaintiff's complaint is dismissed with leave to file an amended complaint within 30

22   days from the date of this order for violating Rule 8(a).  **Any amended complaint shall be no**

23   **longer than 25 pages in length including exhibits.**

24        4.  Plaintiff's failure to comply with the provisions of this order will result in a

25   recommendation that this action be dismissed.

26   DATED: October 20, 2025

27

28

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5